**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY LEE MILLER, SR.,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-CV-1448-L** |
| | ) | |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges his conviction for aggravated kidnaping.  *State of Texas v. Jerry Lee Miller, Sr.*, No.

F-1042110-J  (3rd Crim. Dist. Ct., Dallas County, Tex., Oct. 14, 2011).  Petitioner was sentenced

to fifteen years in prison.  On June 7, 2014, the court of appeals affirmed.  *Miller v. State*, 2013

WL 2565478, 05-11-01533-CR (Tex. App. –  Dallas, no pet.).  Petitioner did not file a petition

for discretionary review.

On March 13, 2014, Petitioner filed a state habeas petition challenging his new

conviction.  *Ex parte Miller*, No. 73,366-02.  On August 6, 2014, the Court of Criminal Appeals

dismissed the petition as noncompliant because his brief exceeded fifty pages.  On October 23,

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -1-

2014, Petitioner filed a second state habeas petition. *Ex parte Miller*, No. 73,366-03. On March

4, 2015, the Court of Criminal Appeals denied the petition without written order.

On May 6, 2015, Petitioner filed the instant § 2254 petition. He argues:

1.    His trial attorneys rendered ineffective assistance of counsel by failing to:

      a.    interview and subpoena witnesses;
      b.    adequately investigate the case;
      c.    address perjured testimony;
      d.    file a motion for a change of venue;
      e.    address suppression of the evidence;
      f.    address the conflict of interest;
      g.    acquire video evidence;
      h.    prepare Miller and themselves for trial;
      I.    move for a continuance when no witnesses were presented on his behalf;
      j.    object to exhibit 33 because it was edited and tampered with;
      k.    object to a witness being sworn in and coached two days prior to the other witnesses;
      l.    inform him of a plea offer for five years; and
      m.    object to the state falsely accuse him of a previous conviction which prevented him from getting a bond reduction;

2.    The State withheld and suppressed evidence by editing videos and failing to provide information about the existence of witnesses;

3.    The prosecution and defense had a conflict of interest due to the fact that the case was pursued as a favor to the daughter of the victim, an employee and friend of the Dallas County District Attorney;

4.    His appellate attorney rendered ineffective assistance by failing to raise an argument for a mistrial and only raising a frivolous issue;

5.    The prosecution tampered with witnesses by coaching and coercing them, and those witnesses offered false testimony;

6.    The State tampered with evidence by editing video that would have informed the jury that there were other witnesses;

7.    The trial court abused its discretion by not acting on information that the victim had a daughter who was an employee of the district attorney's office, by failing to overrule the jury's verdict, and by failing to take into account Petitioner's belief that he was not kidnaping the victim;

8.      The jury violated his right by convicting him and disregarding the evidence and the law; and

9.      He lost time for filing his federal habeas petition because he could not go to the law library from December 12, 2013,to May 13, 2014, due to stress related illness and confinement at a psychiatric facility.

On December 9, 2015, Respondent filed her answer arguing, *inter alia*, that the petition is time-barred. On February 19, 2016, Petitioner filed a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II.  Discussion

## A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right

On June 7, 2013, the Fifth District Court of Appeals affirmed the conviction and

sentence. Petitioner did not file a petition for discretionary review. His conviction therefore

became final thirty days later, on Monday July 8, 2013. *See* Tex. R. App. P. 68.2 (PDR must be

filed within 30 days after court of appeals renders judgment or overrules motion for rehearing);

*see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final

for limitations purposes when time for seeking further direct review expires, regardless of when

mandate issues). Petitioner then had one year, or until July 8, 2014, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly

filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was

dismissed because it exceeded fifty pages. It therefore was not "properly filed" within the

meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly

filed' when its delivery and acceptance are in compliance with the applicable laws and rules

governing filings), *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004)

(finding state habeas application was not properly filed because it failed to comply with Texas

Rule of Appellate Procedure 73.2). Since Petitioner's first state habeas applications was not

---

asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on
collateral review; or

(D)      the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

properly filed, it did not statutorily toll the limitations period.

On October 23, 2014, Petitioner filed a second state habeas petition.  This petition did not statutorily toll the limitations period because it was filed after the limitations period expired.

Petitioner was required to file his § 2254 petition by July 8, 2014.  He did not file his petition until May 6, 2015.  His petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims he is entitled to equitable tolling because the state habeas form was confusing, which caused his first habeas petition to be dismissed.  He states he was confused by the following language on the state habeas form:

> Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

(Reply Ex. 3.)  Petitioner does not dispute that his petition was hand-written and exceeded fifty

pages.  The Court finds the language on the form clearly prohibits a hand-written petition that exceeds fifty pages.  Petitioner has failed to show he was actively misled by the State or that he was prevented in some extraordinary way in pursing his habeas remedies.

Petitioner also claims his property was taken from him for approximately two months while he was on a psychiatric unit, and that from December 12, 2013 to May 13, 2014, he was on the psychiatric unit and could not visit the law library, but could make requests from the library. (Reply at 4-5.)  Petitioner filed his first state habeas petition on March 13, 2014.  Being housed at the psychiatric unit therefore did not prevent him from filing his petition.  Even if the Court were to grant him equitable tolling from December 12, 2013, until he filed his first state habeas petition on May 13, 2014, his § 2254 petition would be untimely.

Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling.  His petition should therefore be dismissed as time-barred.

## III.  Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 30th day of September,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).